**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Angela Rose Riccobono,

              Plaintiff,

v.

Jeremy Barnum, et al.,

              Defendants.

No. CV-25-01851-PHX-DJH

**ORDER**

    *Pro se* Plaintiff Angela Rose Riccobono ("Plaintiff") initiated this matter on May 29, 2025, by moving to seal her entire case (Doc. 1). She then lodged her proposed Complaint (Doc. 2), and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3).

    The Court will deny Plaintiff's request to seal this case. Accordingly, neither her Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") nor Complaint will be filed. *See* LRCiv 5.6(e). Because the Complaint is plainly frivolous on its face, the Court will also not allow Plaintiff to resubmit her Complaint and IFP Application for filing on the public record. This matter will be dismissed.

## I. Motion to Seal

    Plaintiff filed a "Petition to Seal Case," requesting that this entire case or portions of the case be sealed. (*See* Doc. 1).

    The public has a long-standing, "general right to inspect and copy . . . judicial

records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  For this reason, the party seeking to file a document under seal "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To meet this burden, the moving party must supply the court with "compelling reasons supported by factual findings." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Mere allegations of confidentiality, "without any further elaboration or any specific linkage [to] the documents," do not satisfy this burden.  *Kamakana*, 447 F.3d at 1184.  Additionally, potential risk of "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal [the] records." *Id.* at 1179.

Here, Plaintiff's Motion to Seal invokes sovereign citizen theories as justification from shielding information from the public.  Plaintiff's basis for sealing this case is that it involves the "misappropriation of trade secrets," meaning that "the nature of the claims includes confidential and proprietary business information."  (Doc. 1 at 1).  However, Plaintiff's Complaint does not allege misappropriation of a trade secret nor is any trade secret discernable from the Complaint.  (*See* Doc. 2).

A "trade secret" is information that (1) derives independent economic value, actual or potential, from not being generally known to, or readily ascertainable by other people who can obtain economic value from its disclosure or use and (2) is subject to reasonable efforts to maintain its secrecy.  *See* 18 U.S.C. § 1839(3).  Plaintiff states that the trade secrets involved this case are: "Riccobono, Angela Rose is a private American recognized pursuant to the Constitution, Article III Section 2 Clause 1;" "ANGELA RICCOBONO is a different entity, a private property res;" and "ANGELA RICCOBONO is protected by Common Law Copyright…and subject to $500,000 per use usage fee[.]"  (Doc. 1 at 2).

These purported trade secrets are indicative of sovereign citizen beliefs. *See Cargill v. United States*, 2025 WL 1218231, *5 (Fed. Cl. Apr. 28, 2025) ("[P]laintiff repeatedly distinguishes between her "natural" name (first letters capitalized) and her "corporation" name (all capitals with a copyright sign), which is another sign of sovereign citizen

beliefs."); *Wood v. U.S.*, 161 Fed. Cl. 30, 34 (2022) ("[T]he court notes that sovereign citizen plaintiffs often make a distinction between their names written in all capital letters and the same names written with just the initial letters capitalized."). And, because there is no cognizable trade secret here, the arguments presented in Plaintiff's Motion to Seal are frivolous. The Motion, moreover, fails to specify the harm that would result from the disclosure of any information, other than to provide a perfunctory claim of "potential loss of competitive advantage." (Doc. 1 at 2); *see Polinski v. United States*, 2025 WL 2935059, *10 (Fed. Cl. Oct. 15, 2025). In short, Plaintiff's discredited theories do not overcome the strong presumption in favor of public access. The Court will deny Plaintiff's request to seal the case.

## II.   Plaintiff's Lodged Complaint

Plaintiff will not, however, be allowed to resubmit her lodged Complaint for public filing as it fails to state a claim and is plainly frivolous. Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014)

(quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because subject matter jurisdiction involves a court's authority to hear a case, district courts may raise lack of subject matter jurisdiction sua sponte and must dismiss an action if jurisdiction is, indeed, absent. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction." *Trust v. American Honda Finance Corporation*, 2016 WL 756461, *2 (C.D. Cal. 2016); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–30 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). This Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

Plaintiff has filed a Bill in Equity against the Chief Financial Officer and "Executive Agent" of JPMorgan Chase. (Doc. 2 at 1). The filing, overall, is incoherent and fails to conform to the requirements of F. R. Civ. P. 8. From what can be discerned, this action appears to arise from the repossession of a vehicle ("vessel VIN#4S4BTGLD4M315545"). (*Id.* at 4). Plaintiff alleges that she is the "Grantor / Beneficiary and Surety on behalf of ANGELA TSIMAHIDIS" and brings the bill in equity "to prevent loss and imminent threat of beneficial rights and equitable interests in regard to the trust established with the parties

involving complainants' substantive, inherent, private, and un-a-lien-able rights." (*Id.* at 1–2). Defendants allegedly "continue to engage in disregard, harassment, and oppression toward your petitioner's private estate…." (*Id.* at 2).

Plaintiff alleges that Defendants accepted a "special deposit" that "included a tender of lawful money specie ($21 USPS money order)…with detailed instructions written on the instrument specifying the acceptance of the instrument is settlement of all debt claims and obligations[.]" (*Id.* at 3) The instructions also indicated that "acceptance of the instrument imposes a fiduciary duty" on Defendants "to set off and discharge all current and future debt related to the account[.]" (*Id.*)

Plaintiff claims that Defendants "are in default due to their failure to respond to the Notices of Intent, Subrogation, Substitution, Special deposit and Trust Deed acceptance which were duly sent via registered mail December 10, 2024." (*Id.* at 2). She further alleges a "breach of trust and breach of fiduciary duties" against Defendants. (*Id.* at 3). The resulting harm alleged by Plaintiff includes "unlawful theft repossession," "public humiliation," "harming the Claimants ability to provide for her family," "unjust enrichment," "injuries sustained, totaling $9,145,000.00," "mental anguish and emotional distress." Attached to Plaintiff's Complaint are a "Second Notice of Priority Interest. Notice of Appointment. Notice Equitable Subrogation & Substitution" (*id.* at 8–12); a "Notice of Tender Special Deposit Signature Guaranteed" (*id.* at 14–16); a "Notice of Acceptance, Exoneration, and Discharge" (*id.* at 18–23); and an "Affidavit of Default and Final Judgment / Res Judicata" (*id.* at 25–29).

The Court finds that Plaintiff's Complaint is frivolous, provides insubstantial support for federal subject matter jurisdiction, and fails to state a claim upon which relief may be granted. *See Trust*, 2016 WL 756461 at *3. Despite mentioning "breach of fiduciary duties," "unjust enrichment," and "emotional distress," the elements of any such claim are not established. Even liberally construed, Plaintiff's Complaint is devoid of any substance in law. *See Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("An in forma pauperis complaint is frivolous if it had no arguable substance in law or

fact.") (internal quotations omitted).  Essentially, Plaintiff claims are based on the legally unenforceable documents sent to Defendants that purport to settle the balance of an account and establish their fiduciary duties owed to Plaintiff.  (*See generally* Doc. 2).

Although not explicitly stated, Plaintiff's Complaint is reliant upon theories espoused by "sovereign citizens."  Courts, on multiple occasions, have encountered similar situations and dismissed the claims that arose from such flawed sovereign citizen theories. *See*, *e.g.*, *Puente v. Navy Federal Credit Union*, 2025 WL 408677, *3 (E.D. Pa. 2025) (The plaintiff's allegation that he "tendered payment to Defendant to effectuate a full setoff of the alleged obligation but that NFCU failed to honor the tender of payment…appear to be the type of legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement that is nothing more than a nullity.") (internal quotations omitted); *Fitzgerald v. Mercedes-Benz Financial Services USA, LLC*, 2024 WL 3377743, *5-6 (M.D. Fla. 2024) (determining that the plaintiff's arguments based on the belief that "her signature on the lease and use of her social security card meant that 'signing the lease agreement was the payment' and MBFS had no authority to make additional charges to her account," were frivolous); *Scott v. Westlake Financial, LLC*, 2025 WL 2734569, *1 (W.D.N.C. 2025) (dismissing a complaint where the plaintiff asserted that he "created a 'Private Living Trust' that holds all his rights and interests" and sought "to take the vehicle free and clear of [Defendant's] lien and cancel the RISC.") (internal quotations omitted).

Like others before, Plaintiff has sent baseless documents to Defendants concerning a fictitious trust, claiming to satisfy all outstanding debts and unilaterally impose fiduciary duties.  (*See* Doc. 2 at 8–29).  The Ninth Circuit has recognized that contentions rooted in sovereign citizen ideologies, such as the ones presented here, "are frivolous and the courts ordinarily reject similar contentions without extended argument."  *U.S. v. Ward*, 182 F.3d 930, *2 (9th Cir. 1999); *U.S. v. Benabe*, 654 F.3d 753 (7th Cir. 2011) (noting that "[sovereign citizen] theories should be rejected summarily, however they are presented").  Because Plaintiff's claims are wholly based on the meritless instruments and irrational

theories, Plaintiff's Complaint is dismissed.

While leave to amend should be given freely when justice so requires, no possible amendments could cure the frivolous nature of Plaintiff's Complaint. *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). Because Plaintiff's legal theory is frivolous and cannot support her requested relief, the Complaint is dismissed without leave to amend.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Seal (Doc. 1) is **DENIED**. The documents lodged at Docs. 2–4 shall not be filed.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** and Plaintiff may not resubmit for public filing or otherwise amend. The Clerk of Court is directed to terminate this matter.

Dated this 5th day of November, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge